## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| Robert Mugabe, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | **ORDER OF DISMISSAL** |
| vs. | ) ) ) | |
| Job Service North Dakota, | ) ) | Case No. 1:16-cv-225 |
| Defendant. | ) | |

The plaintiff, Robert Mugabe ("Mugabe"), initiated the above-entitled action *pro se* by complaint on June 29, 2016. He filed his consent to the undersigned's exercise of jurisdiction over this matter on July 12, 2016. (Docket No. 5). What follows is the undersigned's pre-service review of his complaint pursuant to 28 U.S.C. § 1915(e)(2)

### I. BACKGROUND

Mugabe, proceeding *pro se* and *in forma pauperis*, is seeking reinstatement of unemployment benefits that he asserts were wrongly denied him by Job Service North Dakota. His complaint alleges:

> My complaints are: my benefit was dinied from them for no reason that why I ask district court can help me process my case. They can help me review my case.
>
> * * *
>
> the amounts are 3,000 Since last year: 2015 was stopping my benefit for no reason. I ask the district court to help me get back my benefit, was denied with Job Service ND

(Docket No. 4) (errors in original). As the basis for this court's exercise of jurisdiction, he "checks the box" next to federal question on his form complaint and then states: "the issue is Job Service ND

1

was denied my claim they stopping my benefit for no reason: while I am eligible for benefit." (Id.).

## II. DISCUSSION

### A. Standard of Review

28 U.S.C. § 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In applying the provisions of § 1915(e)(2), the court must give the *pro se* complaint the benefit of a liberal construction and not dismiss the complaint unless it is clear beyond doubt that there is no set of facts that would entitle the plaintiff to relief. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* complaints are "subject to less stringent standards than formal pleadings drafted by lawyers"); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996); see also Fed. R. Civ. P. 8(a)(2) (requiring that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (directing that *pro se* complaints be liberally construed but with the caveat that courts "will not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

### B. Jurisdictional Issues

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Consequently, this court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. And it is incumbent upon the plaintiff

2

to establish the existence of federal jurisdiction. Id., see also McCracken v. Conoco Phillips Co., 335 F. App'x 161, 162–163 (3d Cir. 2009).

Here, Mugabe has failed to identify any federal statute or Constitutional right allegedly violated by defendants. Even if Mugabe's complaint could somehow be construed to raise a claim under the Civil Rights Act, 42 U.S.C. § 1983, it lacks any factual allegations suggesting what constitutional right was allegedly violated. To state a cognizable claim under § 1983, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). Even under liberal pleading standards, a *pro se* litigant, at the very least, must invoke rights under the Constitution or federal law in order to plead a § 1983 claim. Walker v. Reed, 104 F.3d at 157-58 Mugabe has failed to do so here and thus has not established that this court has subject matter jurisdiction under 28 U.S.C. § 1331.

In addition, based on the allegations in the complaint, it does not appear that the amount in controversy comes anywhere close to meeting the requisite amount in controversy. Thus, Mugabe cannot establish subject matter jurisdiction under 28 U.S.C. § 1332.

### III. CONCLUSION

Mugabe is looking to this court to reinstate benefits that he asserts were wrongfully denied him by a state agency. This court does not have the power to intervene in unemployment compensation proceedings conducted by a state agency. If Mugabe is dissatisfied with the termination of his unemployment compensation benefits, he must avail himself of the remedies and or appeals available through the appropriate North Dakota agencies and/or courts. Accordingly, the

above-entitled action is **DISMISSED** without prejudice for lack of jurisdiction.

Dated this 18th day of July, 2016.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court